IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:17CR146-1 |
| | ) | |
| TODD MICHAEL GORI | ) | |

ORDER

On April 25, 2017, a federal grand jury for this district indicted Todd Michael Gori ("Defendant") on two counts of knowingly and with intent to extort money and other things of value, transmitting in interstate commerce a communication containing a threat to cause damage to a protected computer, in violation of 18 U.S.C. § 1030(a)7)(A) and (c)(3)(A); one count of knowingly and with the intent to extort money and other things of value, transmitting in interstate commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(b); and one count of knowingly and with intent to intent to extort money and other things of value, transmitting in interstate commerce, a threat to injure the property or reputation of another, in violation of 18 U.S.C. § 875(d). The case thereafter came before the Court for a hearing on a motion for detention by the United States pursuant to 18 U.S.C. § 3142(e) and (f) and heard by this Court on July 18, 2017. At the end of the hearing, the Court orally ordered Defendant's detention pending disposition of this case because clear and convincing evidence established that no available combination of release conditions would reasonably assure the safety of others and the community and because a preponderance of the evidence established that no condition or combination of conditions would reasonably assure the Defendant's appearance. The Court now enters this written order memorializing that ruling as required by 18 U.S.C. § 3142(i)(1).

I. BACKGROUND

Before the hearing, a United States Probation Officer prepared a Pretrial Services Report and Addendum regarding Defendant's history, residence, family ties, employment history, financial resources, health (including as it relates to mental health and substance abuse issues), and prior record. Both parties had an opportunity to review the report before the hearing. At the hearing, Defendant had no objections or corrections to the information contained in the report. The Court therefore adopts the factual information in the report as its own findings of fact.

In addition, at the hearing, Defendant was "afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear[ed] at the hearing, and to present information by proffer or otherwise." 18 U.S.C. § 3142(f). The United States called (and, through counsel, Defendant cross-examined) FBI Special Agent Patrick Berckmiller, who had participated in the investigation and reviewed reports related to the case. Defendant did not present any witnesses, but Defendant's counsel spoke on Defendant's behalf.

II. DISCUSSION

In considering the question of release or detention pending trial, the Court considers the following statutorily-prescribed factors:

(1) the nature and circumstances of the offense charged . . .;

(2) the weight of the evidence against the [defendant];

(3) the history and characteristics of the [defendant] . . .; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g).

In the present case, with respect to the nature of the offense charged against Defendant, the offense charged is serious, and the weight of the evidence is strong. At the hearing, Special Agent Berckmiller testified that in Spring 2016, Defendant sent threatening e-mails to TSI Healthcare, Inc., including threatening a cyber-attack to "take down" the company. Special Agent Berckmiller testified that Defendant's mother worked at TSI, and Defendant sent the e-mails from Washington, where Defendant lived, to TSI in North Carolina. Officers made contact with Defendant to encourage him to stop sending such messages, but that effort was unsuccessful. Special Agent Berckmiller testified that in Spring 2017, Defendant placed a telephone call to a TSI employee, stating that he would "drive a train" through TSI, and later placed another telephone call to a TSI employee, stating that he intended to fly to North Carolina, attend a gun show, purchase a firearm, and open fire at the business. Defendant also sent another e-mail regarding a potential cyber-attack, and demanded $2 million to stop the cyber-attack. Defendant also demanded that TSI terminate his mother's employment, apparently because she would not respond to his attempts to contact her. Special Agent Berckmiller also noted that Washington police had found 100 marijuana plants in a residence after Defendant moved out. In addition, Special Agent Berckmiller noted that after the indictment was returned in the present case, Washington police attempted to contact Defendant, but he declined to speak to law enforcement, and shortly thereafter he left for Mexico. Agent Berckmiller testified that Defendant was arrested returning to the United States from Mexico, and at that time, Defendant expressed an intention to seek residence in Mexico.

3

Case 1:17-cr-00146-WO   Document 16   Filed 07/21/17   Page 3 of 5

With respect to the history and characteristics of Defendant, the Court notes that Defendant does not have a residence or employment in the United States, and has a long-term relationship with an individual working and residing in Mexico. In addition, Defendant has a history of prior convictions involving controlled substances, and he reported to the Probation Officer daily marijuana use. The Probation Officer recommends detention.

Having considered the information presented, the Court finds that the record establishes by clear and convincing evidence that no available condition or combination of conditions will reasonably assure the safety of the community. The Court notes that the nature and circumstances of the instant offense, involving threats to use a firearm and threats of a cyber-attack, and Defendant's prior criminal history, including his involvement with a controlled substance, raise serious concerns with respect to the safety of the community. Additionally, the Court finds by a preponderance of the evidence that, in light of the seriousness of the charges, Defendant's drug use, his strong connection to a foreign country, and lack of stable living conditions, employment, and personal relationships in the United States, no condition or combination of conditions would reasonably assure the Defendant's appearance.

The Court notes that Defendant's counsel proffered Defendant's father, a current resident of a retirement community in Arizona, as a potential third-party custodian. However, that plan was still tenuous, and no details were offered or confirmed at the hearing. Therefore, the Court concludes that no presently-available conditions have been presented that would address the risk of danger and risk of nonappearance. If Defendant is able to present a suitable

4

Case 1:17-cr-00146-WO   Document 16   Filed 07/21/17   Page 4 of 5

release plan that the Probation Office would recommend, the Court will consider whether to set this case for further hearing on a Motion by Defendant.

IT IS THEREFORE ORDERED that the Motion for Detention by the United States is GRANTED and Defendant shall be detained pending disposition of the instant charges pursuant to 18 U.S.C. § 3142(e)(1). Defendant is committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 21st day of July, 2017.

           /s/ Joi Elizabeth Peake
United States Magistrate Judge